# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-04349-R (SK) | Date | June 20, 2017 |
| Title | Charles Moore v. Warden | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Marc Krause | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

On June 4, 2017, Petitioner constructively filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1992 conviction for two counts of attempted murder with a firearm enhancement. (ECF No. 1). Generally, the Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a federal habeas petition to be filed within one year of the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A). But because Petitioner's conviction pre-dated AEDPA's enactment, he had one year from the date of enactment, April 24, 1996, within which to file his federal petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412 n.2 (2005); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) ("State prisoners […] whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions."). Thus, Petitioner's statute of limitations expired on April 23, 1997, and the Petition is over 20 years late.

Petitioner's state habeas petitions filed in 2017, even if "properly filed" under California law, do not revive or reinitiate the federal limitations period that ended in 1997. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("the one-year habeas statute of limitations did not permit the reinitiation of the limitations period where that period ended before petitioner's state petition for postconviction relief was filed"). And Petitioner does not provide any other possible explanations for his 20 year delay in filing this Petition. Therefore, his petition is barred as untimely unless he can show he is entitled to delayed commencement of the limitations period or equitable tolling. *See* 28 U.S.C. § 2244(d)(1).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** on or before **July 21, 2017** why this action should not be dismissed as untimely. If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend dismissal of the Petition. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal." **Petitioner is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.